**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JEROME TARVER,

    Petitioner,

v.                                            CASE NO: 8:10-CV-2529-T-30MAP
                                                          Crim. Case No: 8:06-Cr-349-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1), filed on November 10, 2010, Memorandum in support (CV Dkt. #2), filed on November 10, 2010, the United States' Response, filed on January 14, 2011, and Tarver's Reply filed on January 31, 2011.

## BACKGROUND

Petitioner, Jerome Tarver pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute 500 grams of cocaine, in violation of 21 U.S.C. § 846. On November 20, 2006, this Court accepted Tarver's plea and adjudicated him guilty. On April 25, 2007, this Court sentenced Tarver to 188 months of imprisonment, to be followed by a 60-month period of supervised release. This sentence was based on the career offender enhancement pursuant to USSG 4B1.1. Tarver had two prior convictions that qualified him for the career offender enhancement: (1) Resisting an Officer with Violence

and Battery of a Law Enforcement Officer; and (2) Resisting an Officer with Violence. Tarver did not object to the factual accuracy of the PSR and did not object to the application of the guidelines. Tarver did not file an appeal.

Tarver's sentence was later reduced twice at the request of the government for substantial assistance under Fed. R. Crim. P. 35. On April 14, 2009 this court amended the judgment reducing his incarceration to 151 months, and on October 12, 2010, to 130 months. CR Dkt. #268 and 294.

On November 10, 2010, Tarver filed this § 2255 motion.

## DISCUSSION

### Timeliness

Section 2255 has a one year statute of limitations. In this case the parties do not agree on the starting date for the period of the statute of limitations, and together assert that there are three possible starting dates.

The two starting dates that Tarver proposes are March 2, 2010, the date the Supreme Court decided *Johnson v. United States*, _____ U.S._____, 130 S.Ct. 1265 (2010), and June 21, 2010, the date the Eleventh Circuit decided *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010) ("*Gilbert I*"). But neither is the correct date.

The statute of limitations begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and* made retroactively applicable to cases on collateral review." 28 U.S.C. 2255(f)(3) (emphasis added). Tarver contends that the above case law makes him "actually

innocent" of being a career offender. Tarver seems to argue that this actual innocence is a newly recognized right for the purposes of § 2255(f)(3), and that it applies retroactively. Tarver's argument fails for several reasons.

First "actual innocence" does not apply to a career offender designation because status as a career offender is not a separate offense. *See Gilbert v. United States*, \_\_\_\_\_ F.3d \_\_\_\_\_, No. 09-12513, 2011 WL 1885674 (11th DCA May 19, 2011) ("*Gilbert II*") (explaining that because sentences are not convictions, one may not be actually innocent of being a career offender).

Furthermore, Tarver misconstrues the meaning of "actual innocence." Actual innocence applies to a person who is factually innocent of the charge for which he was incarcerated. *See Schulp v. Delo*, 513 U.S. 298, 321 (1995); *Bousely v. United States*, 523 U.S. 614, 623 (1998) (stating "[a]ctual innocence means factual innocence, not mere legal insufficiency). And Tarver did not dispute the factual findings or the applications of the guidelines in the Presentence Investigation Report, which were adopted by the Court. *See* CR Dkt. #301 at p. 4, lines 8-19. Tarver does not contend he is actually innocent of the charge to which he pled guilty.

Additionally, Resisting an Officer with Violence is a violent felony and a proper predicate for qualifying a person as a career offender.[1] *See United States v. Nix*, 628 F.3d

---

[1] In order to be a career offender, the defendant must have been at least eighteen years old at the time the defendant committed the instant offense of conviction, the instant offense of conviction must be either a crime of violence or a controlled substance offense, and the defendant must have had at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1(a).

1341 (11th Cir. 2010) (holding that a conviction for resisting an officer with violence is a violent felony and appropriate to use in determining a person's status as a career offender). Although Tarver is challenging the use of his conviction of Battery of a Law Enforcement Officer, that conviction was not a single count conviction. The complete conviction included both Battery of a Law Enforcement Officer and Resisting an Officer with Violence. Because both of his convictions include Resisting an Officer with Violence, Tarver qualifies as a career offender.

This claim fails for another reason. In order for McGowan to find relief in a new rule, the Supreme Court would have needed to hold that it applied retroactively. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) (stating "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.") Nothing in the *Johnson* decision indicates that the Supreme Court intended for the holding to apply retroactively. And the Eleventh Circuit overruled *Gilbert I* in *Gilbert II*. Tarver cannot find relief in these cases.

In sum, Tarver does not have a newly discovered right, retroactively applicable, that would entitle him to use either proposed date, pursuant to § 2255(f)(3), as the starting date for the statute of limitations. The correct starting date is the date the judgment of conviction became final, pursuant to § 2255(f)(1). The judgment of conviction became final 10 days after the judgment was entered, when the period for appealing the judgment expired. *See Adams v. United States*, 173 F. 3d 1339, 1342 n.2 (11th Cir. 1999). In this case, the judgment became final on April 25, 2011, ten business days after April 11, 2007. The

sentence reductions do not affect this date. *See Murphy v. United States*, 634 F.3d 1303 (11th Cir. 2011) (explaining that sentence reductions do not reset the clock for the § 2255 statute of limitations). Accordingly, Tarver is time barred from bringing this motion and it must be dismissed.

## **Waiver**

Pursuant to his plea agreement, Tarver "expressly waive[d] the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines." (CR Dkt. #123, ¶B5)

Through his supporting memorandum, Tarver asserts that he is "actually innocent of the separate offense of being a career offender," and that this actual innocence qualifies as an exception to the bar in his waiver of appeal. (CV Dkt. #2). Tarver relies on *Gilbert I* to support his claim of actual innocence. The *Gilbert I* Court found that "as a matter of fact...Gilbert [was] actually innocent of his sentence enhancement," and was therefore entitled to relief. *Id.* at 1167. However, *Gilbert I* was overruled by *Gilbert II*, which reflects that a person may not be actually innocent of a sentence enhancement. *See Gilbert II*, 2011 WL 1885674 at *25. Because Tarver cannot be actually innocent of being a career offender, he may not use actual innocence as a pathway to circumvent his waiver of the right to appeal.

Nor can Tarver find relief in any of the other exceptions to the waiver of his right to appeal. The narrow exceptions to his waiver are: "(a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the

United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution." (CR Dkt. #123) The sentence does not exceed either the applicable guideline range, or the statutory maximum penalty. Nor does it raise any Eighth Amendment concerns.

Accordingly, Tarver has waived his right to appeal his sentence and this action must be dismissed.

### **Merits**

Although it is clear that this case must be dismissed, brief reference will be made to the merits by way of explanation to the petitioner.

Tarver asserts that he is actually innocent of the separate offense of being a career offender. This argument fails for the reasons discussed above, namely, that actual innocence applies to factual innocence of the crime, not to application of sentencing guidelines. Tarver's prior convictions are proper predicates for a determination of career offender status. Tarver is not actually innocent of being a career offender.

### **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DISMISSED.

2. The Clerk is directed to terminate from pending status the motion to vacate found at CR Dkt.#299, in the underlying criminal case, case number 8:06-Cr-349-T-30MAP, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 20, 2011.

*(signature)*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2010\10-cv-2529.deny 2255.wpd